


Priority  
Send  
Enter  
Closed  
JS-5/JS-6  
JS-2/JS-3  
Scan Only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ROBERT A. SAKAGUCHI,<br><br>    Plaintiff,<br><br>  v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>    Defendant. | ) No. ED CV 04-01267-VBK<br>)<br>) MEMORANDUM OPINION<br>) AND ORDER<br>)<br>) (Social Security Case)<br>)<br>)<br>)<br>)<br>) |

    This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

    In the single raised in his Motion, Plaintiff asserts that the

1  ALJ erroneously disregarded the opinion of his treating physician, Dr.
2  Shaw, that Plaintiff was "disabled." (Motion at 3.)  In fact, the
3  record indicates to the contrary.
4      Plaintiff concedes that the ALJ's decision fairly and accurately
5  summarizes the medical evidence contained in the AR. (Motion at 2.)
6  That decision extensively summarized Dr. Shaw's treatment notes. (AR
7  13-14.)  As the ALJ indicated, Plaintiff sought treatment for low back
8  pain and right shoulder pain in August 2001.  Dr. Shaw estimated that
9  Plaintiff would be able to return to his regular and customary work in
10 October 2001. (AR 13, 42.)  An October 2001 examination of Plaintiff's
11 lumbar spine area revealed a lack of significant spasm or tenderness,
12 intact motor strength and sensation, and normal ambulation. (AR 156.)
13 In the ensuing months, Plaintiff was treated on and off, and received
14 conservative medication and therapy. (AR 138-155.)  Plaintiff's
15 condition improved to the point that he was discharged from physical
16 therapy after eight sessions. (AR 13, 145-167, 167-171.)  As the ALJ
17 noted, the treatment record indicated improvement with this treatment.
18 (AR 13, 167-171.)
19     In his report of October 12, 2001, Dr. Dorsey, reporting to the
20 State of California Employment Development Department ("EDD")
21 indicated that Plaintiff would not be able to return to his "above-
22 stated work status," which included work in a warehouse which required
23 lifting up to 80 pounds, and standing for eight hours. (AR 156.)
24 Indeed, the ALJ assessed that Plaintiff could not perform his past
25 relevant work due to his functional limitations, and, the ALJ
26 determined a residual functional capacity which was significantly less
27 than Plaintiff's past relevant work required. (AR 13, 14.)  While
28 Plaintiff asserts that the ALJ should have taken note of Dr. Shaw's

assessment of disability, these assessments were made for purposes of California state unemployment or disability, not for Social Security purposes. (See AR at 143, 151, 152-153.) The EDD forms are based on a definition of disability which concerns whether an individual is unable to return to his "regular and customary work" (AR 143), while the standard under Social Security for disability is whether the individual is unable to engage in any substantial gainful activity by reason of an impairment which can be expected to result in death or last for a continuous period of not less than 12 months. See 42 U.S.C. §423(d)(1)(A). Thus, Dr. Shaw's assessments of "disability" are essentially irrelevant for Social Security purposes, and in any event, a finding of disability is an ultimate finding which is reserved to the Commissioner alone. See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

For the foregoing reasons, the Court finds that the ALJ's decision was based on substantial evidence, and that the opinions and conclusions of Plaintiff's treating physician were in fact properly evaluated in reaching his decision. The decision of the Commissioner will, therefore, be affirmed.

**IT IS SO ORDERED.**

DATED: 7-26-05

VICTOR B. KENTON
UNITED STATES Magistrate Judge